# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| ROBERT GRIZZLE, | § | |
| TDCJ No. 01998719, | § | |
| | § | |
| V. | § | W-20-CV-183-ADA |
| | § | |
| | § | |
| KEVIN STIPES and | § | |
| BILLY JACKSON. | § | |

## ORDER

Before the Court are Plaintiff Robert Grizzle's amended complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 21); Defendant Billy Jackson's Motion to Dismiss (ECF No. 12); Defendants Kevin Stipes and Billy Jackson's Motion for Summary Judgment (ECF No. 27); Plaintiff's Response in Opposition (ECF Nos. 29, 32); and Plaintiff's Motion 56(f) (ECF No. 31). Grizzle is proceeding pro se and in forma pauperis. Upon review of the parties' pleadings, the Court grants Defendants' Motions and denies Plaintiff's Motion 56(f).

## I. Statement of the Case

Plaintiff is currently in custody at the Telford Unit of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID). Plaintiff alleges that, in March and May of 2019 while he was in custody at the Boyd Unit, Captain Kevin Stipe found him guilty in two separate disciplinary hearings, but that Stipe was not an impartial fact-finder and violated Plaintiff's constitutional right to procedural due process. Plaintiff alleges Assistant Warden Billy Jackson reviewed Plaintiff's grievance detailing Stipe's behavior at the May 2019 hearing, but nonetheless denied the grievance, which Plaintiff claims is also a violation of his procedural due process rights. Plaintiff seeks declaratory

1

relief, along with nominal and punitive damages, and court costs. (ECF No. 21).

In May 2020, Defendant Jackson filed a Motion to Dismiss (ECF No. 12), which the Court converted to a motion for summary judgment (ECF No. 18). Thereafter Defendants Stipes and Jackson jointly filed a motion for summary judgment, arguing Plaintiff failed to exhaust his administrative remedies for his claim against Jackson, and that both Jackson and Stipe are entitled to qualified immunity and Eleventh Amendment immunity. (ECF No. 27.) Grizzle file a response in opposition to Defendants' summary judgment motion (ECF No. 29), to which Defendants replied (ECF No. 34) and Plaintiff filed a sur-reply (ECF No. 36). Plaintiff also filed a Motion 56(f), arguing the Court should not grant Defendants' summary judgment motion because Plaintiff has not had the opportunity to complete discovery. (ECF No. 31).

## II. Factual Background

The following facts are undisputed. On March 4, 2019, Officer Ojeda filed an offense report charging Plaintiff with Discourteous Conduct of a Sexual Nature, alleging that Plaintiff was standing at the toilet with his penis out and had exposed his penis to Officer Ojeda. (ECF No. 27-1 at 14.) In April 2019, Stipe conducted the disciplinary hearing. At the hearing, Plaintiff stated he had been using the restroom, not masturbating. On cross-examination by Plaintiff's counsel-substitute, Ojeda denied Plaintiff was doing anything of a sexual nature. Stipe found Plaintiff guilty and sanctioned him with loss of 10 days good-time credits, 30 days without commissary and telephone privileges, and 30 days of cell restriction. (*Id.* at 12.)

Plaintiff then filed a Step 1 grievance, arguing Stipes should not have found him guilty when Ojeda testified Plaintiff's actions were not sexual in nature. His grievance was denied. (*Id.* at 7-8.) Plaintiff filed a Step 2 grievance appeal, restating his Step 1 argument. (*Id.* at 21-22.) The conviction was then overturned based on Stipes's failure to document the justification for his denial of a cross-examination question on the appropriate form. (*Id.* at 24-27.)

On May 10, 2019, Plaintiff was charged with Tampering with a Locking Mechanism. (*Id.* at 63.) Again, Stipes conducted the disciplinary hearing. Plaintiff alleges Stipes removed him from the hearing after Stipes overheard Plaintiff telling his counsel-substitute that the officer who witnessed the incident also investigated it, which is a violation of TDCJ policy. (ECF No. 21 at 9.) On the hearing worksheet, Stipes writes that Plaintiff was not present at the hearing because, among other things, he was being argumentative and talking loudly to his counsel-substitute in the hallway. (ECF No. 27-1 at 62.) Stipes found Plaintiff guilty and sanctioned him with the loss of 120 days good-time credit, and 45 recreation days. (*Id.*)

Plaintiff then filed a Step 1 grievance, arguing (1) Stipes violated his constitutional rights by not allowing Plaintiff to be present at the hearing and (2) there was a procedural error because an officer who was a witness to the incident also performed the investigation. Jackson denied the grievance, stating there were no procedural errors and there was sufficient evidence supporting a finding of guilt. (*Id.* at 57-58.) Plaintiff appealed, repeating the procedural error argument. The conviction was overturned based on this error. (*Id.* at 75-80.) Amy Oliver, a Program Supervisor for TDCJ's Counsel

Substitute program, attested that both of Plaintiff's disciplinary cases were overturned and the assessed punishments were removed from his record. (ECF No. 27-4 at 2.)

### III. Discussion & Analysis

**1. Summary Judgment**

On a motion for summary judgment, a court will render judgment if the evidence shows there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). When a motion for summary judgment is made and supported, an adverse party may not rest upon allegations or denials but must set forth specific facts showing there is a genuine issue for trial. *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. *Id.* at 322. The moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. *Id.* at 323-24. At that point, the burden shifts to the non-moving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. The non-moving party cannot rely on general allegations but must

produce "specific facts" showing a genuine issue for trial. *Tubacex v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. *See James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990). The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." *See id.* (citing *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

## 2. Qualified Immunity

"A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). A government official performing a discretionary function is shielded from liability for civil damages so long as his actions do not violate a clearly established right of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown*, 623 F.3d at 253. The plaintiff must therefore present evidence sufficient to create a genuine dispute of material fact as to whether (1) the official's conduct violated a constitutional right of the plaintiff, and (2) the constitutional right was clearly established so that a reasonable official in the defendant's

situation would have understood that his conduct violated that right. *See id.*; *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). For the right to be clearly established, the plaintiff must show that defendants had "'fair warning" that their specific actions were unconstitutional. *See Hope v. Pelzer*, 536 U.S. 730, 739-40 (2002); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 741-42 (2011) (relevant right is not defined at high level of generality; rather, "existing precedent must have placed the statutory or constitutional question beyond debate").

In considering a qualified immunity defense, the Court must view the evidence in the light most favorable to the non-movant and draw all inferences in the non-movant's favor, *see Rosado v. Deters*, 5 F.3d 119, 122-23 (5th Cir. 1993), and cannot make credibility determinations or weigh the evidence, *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

### 3. Eleventh Amendment Immunity

Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state unless that state has waived its sovereign immunity or Congress has clearly abrogated it. *Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). A federal court may, however, "enjoin a state official in his official capacity from taking future actions in furtherance of a state law that offends federal law or the federal Constitution." *Moore*, 743 F.3d at 963 (citing *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 269 (1997)). A suit against a state official in their official capacity is no different than a suit against the state itself. *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994). A state's sovereign immunity under the Eleventh Amendment

may not be evaded by suing state agencies or state employees in their official capacity because such a claim is essentially against the state itself. *Id.* Accordingly, Defendants are entitled to Eleventh Amendment immunity on Plaintiff's claims against them in their official capacities for monetary relief.

### 4. Failure to Exhaust Administrative Remedies

The Prisoner Litigation Reform Act requires state prisoners to exhaust available administrative remedies prior to filing suit under § 1983. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoners confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Exhaustion is mandatory and unexhausted claims will not be considered by the federal courts. *Jones v. Bock*, 549 U.S. 199, 199 (2007); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.").

The only exception to the exhaustion requirement is when administrative remedies are unavailable. *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). Administrative remedies are "unavailable" in three circumstances: (1) when the administrative procedure is "a simple dead end", i.e. prison officials are unable or unwilling to provide relief to inmates; (2) when the administrative procedure is complex or confusing such that "it becomes, . . . incapable of use"; and (3) when prison officials thwart the grievance process through "machination, misrepresentation, or intimidation." *Id.* at 1859-60.

Defendants argues Plaintiff failed to exhaust his administrative remedies regarding his claim that Jackson violated his procedural due process rights when Jackson denied his Step 1 grievance. As described by defendants, TDCJ's two-step administrative grievance process requires prisoners first file a Step 1 grievance within fifteen days of the alleged incident or challenged event, which is then reviewed by officials at the prisoner's assigned facility. After the prisoner receives a response to his Step 1 grievance, he has fifteen days to file a Step 2 grievance, which appeals an unfavorable result to the state level. (ECF No. 27 at 5.)

Plaintiff asserts the grievance process was unavailable to him because he did not receive Jackson's response until after the fifteen-day period had passed for filing a timely grievance. Plaintiff also asserts this delay was a "machination," implying Jackson intentionally delayed it. Plaintiff further alleges he did file a Step 1 grievance against Jackson, but that it was screened and returned to Plaintiff as untimely. (ECF No. 32 at 2-3.)

There is no evidence in the record showing that Plaintiff filed any grievance against Jackson between March 1 and August 30, 2019. (ECF No. 27-1 at 2.) Plaintiff's conclusory and unsupported allegations that (1) Jackson intentionally delayed returning his response to Plaintiff's grievance until after the filing deadline and (2) that Plaintiff filed a Step 1 grievance against Jackson that was returned as untimely filed are insufficient to overcome Defendant's summary judgment evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) ("a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence'")

(citation omitted). Based on the record before it, the Court concludes Plaintiff failed to exhaust his administrative remedies against Defendant Jackson and this claim is dismissed without prejudice.[1]

## 5. Procedural Due Process

Plaintiff claims Defendant Stipes violated his Fourteenth Amendment right to procedural due process when they convicted him of the charge of discourteous conduct of a sexual charge nature despite the charging officer testifying that Plaintiff's conduct was not sexual; and by not allowing Plaintiff to be present at the hearing for the tampering charge; and by convicting Plaintiff of the tampering charge despite knowing that the investigating officer was also a witness to the incident. Stipes responds that Plaintiff's due process rights were not violated because both charges and related sanctions were overturned and removed from Plaintiff's record.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must first establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Defendant argues that because both of Plaintiff's disciplinary convictions were overturned on appeal, any due process violations that occurred have been cured. In response, Plaintiff argues that a "post-deprivation hearing" cannot remedy a due process violation in the original hearing. (ECF No. 32 at 9.)

---

[1] Even if Plaintiff had fully exhausted his claims against Defendant Jackson, the claims would be denied based on qualified immunity for the reasons explained in this order.

The Court agrees with Defendant. "The [C]onstitution demands due process, not error-free decision-making . . . ." *McCrae v. Hankins,* 720 F.2d 863, 868 (5th Cir. 1983). As the summary judgment record shows, the procedural errors that occurred in the April and May 2019 hearings were ultimately cured via the administrative appeals process, and the convictions and sanctions were removed from Plaintiff's record. Accordingly, Plaintiff cannot show that his due process rights were violated. *See Ard v. Leblanc*, 404 F. App'x 928, 929 (5th Cir. 2010) (any error in prisoner's disciplinary case was cured when case was overturned through his administrative appeal); *see also Wycoff v. Nichols,* 94 F.3d 1187, 1189 (8th Cir. 1996) (administrative reversal constituted part of the due process the prisoner received and cured the alleged due process violation); *Morissette v. Peters,* 45 F.3d 1119, 1122 (7th Cir. 1995) (no denial of due process if the error the inmate complains of is corrected in the administrative appeal process; appeals process is part of the process afforded prisoners); *Young v. Hoffman,* 970 F.2d 1154, 1156 (2d Cir. 1992) (administrative reversal constitutes part of due process prisoner received and cured any procedural defects that might have occurred). Therefore, Plaintiff has failed to show any constitutional violation whatsoever, and Defendant Stipe is entitled to qualified immunity.

### 6. Plaintiff's Motion 56(f)

Finally, Plaintiff has filed a motion pursuant to Federal Rule of Civil Procedure 56(f) (Judgment Independent of the Motion), arguing the Court should not grant Defendants' summary judgment motion because he has not had sufficient opportunity to conduct discovery. (ECF No. 31.) Plaintiff argues he needs more discovery so he can show that the Step 1 grievance procedure at TDCJ is the kind of "dead end" contemplated in *Ross*

*v. Blake.* On the contrary, however, Plaintiff's own case shows that, at least on some occasions, TDCJ's grievance procedure is not a dead end: both Plaintiff's disciplinary hearings were overturned upon further review. As a result, there is no need for further discovery and this motion is denied.

## IV. Conclusion

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 27) is **GRANTED**, Defendants' Motion to Dismiss (ECF No. 12) is **DISMISSED**, and Plaintiff's Motion 56(f) is **DENIED**.

**SIGNED** on March 10, 2021

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE